UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YHONNY MONTILLA,

                              Plaintiff,            **ACTION UNDER 29 U.S.C.§ 216(b)**

        -v.-

                                                   **COMPLAINT**

B M 770, INC.
(DBA BUGGY SERVICE CENTER)
and AKIVA "DOE", individually,

                              Defendants
------------------------------------------------------------X

        The Plaintiff, YHONNY MONTILLA, represented by his legal counsel from

STILLMAN LEGAL PC., initiates this Action on his own behalf and on behalf of all other

similarly situated employees. The Defendants are B M 770, INC. (trading as BUGGY

SERVICE CENTER) and AKIVA "DOE", collectively termed as "Defendants" in this

document. This Action has been instituted under the Fair Labor Standards Act ("FLSA"),

29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., specifically the

recent amendments by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL

§ 191, and corresponding provisions from Title 12 of New York Codes, Rules, and

Regulations ("NYCRR"). The allegations are made on information and belief, with

further details provided below:

<u>**NATURE OF THE ACTION**</u>

        1. This Complaint aims to recoup unpaid minimum and overtime wage

compensation for the Plaintiff, a former mechanic employed by Defendant B M 770,

INC. (trading as BUGGY SERVICE CENTER), a New York Corporation with its offices

located at 1710 Pacific St., Brooklyn, NY, 11213 and 1627 Bergen St, Brooklyn, NY

11213. The main Defendant, AKIVA "DOE", is responsible for personally hiring the

Plaintiff, defining his work schedule, providing daily orders and instructions, and exercising disciplinary authority, including the issuance of warnings and reprimands. The Plaintiff alleges that the Defendants deliberately failed to meet their wage payment obligations.

2. Under New York State law, Defendants were required to pay the Plaintiff at a minimum rate of $16.00 per hour. However, the Plaintiff was compensated at rates of $10.71, $12.86, $14.29, and $15.71 per hour for a 40-hour workweek.

3. At all times relevant hereto, Defendants were required, under relevant New York State law, to compensate Plaintiff with overtime pay at one and one-half the regular rate for work in excess of forty (40) hours per work week.

4. Despite the obligatory pay regulations, Defendants compensated the Plaintiff at a rate of $10 per hour and failed to provide lawful overtime pay from December 6, 2022, to December 20, 2024. During this period, Plaintiff's work schedule, set by Defendant AKIVA "DOE", regularly exceeded forty hours per workweek. Defendant AKIVA "DOE" frequently required the Plaintiff to work beyond his scheduled hours without providing the necessary overtime compensation. This includes instances where the Plaintiff worked approximately sixty hours without receiving appropriate overtime pay.

5. The Defendants' practices affected not only the Plaintiff but also all other employees in similar positions. Throughout the period relevant to this Complaint, the Defendants had a consistent policy and practice of requiring the Plaintiff and other employees to work overtime without providing the legally mandated overtime compensation.

6. The Plaintiff brings this action under the Wage Theft Prevention Act due to Defendants' intentional failure to provide written notice of wage rates, violating said

laws. This lack of transparency from Defendant "DOE" resulted in significant harm to the Plaintiff, including financial loss, loss of future earning opportunities, emotional distress, and confusion due to the inability to accurately calculate owed wages. This failure is attributed to Defendant AKIVA "DOE"'s negligence as the Plaintiff's employer, who was responsible for communicating wage rates and maintaining accurate records. Defendants knowingly failed to maintain accurate records as required by the FLSA and the NYLL, exacerbating the harm suffered by the Plaintiff, hindering his ability to accurately determine owed wages, and facilitating continued wage law violations. These actions by the Defendants have caused harm to the Plaintiff, including financial loss, emotional distress, and confusion, attributable to the Defendants' violation of the Wage Theft Prevention Act.

7. Accordingly, Plaintiff now brings this Action on behalf of himself and those other similarly situated individuals, for federal and state claims relating to unpaid minimum wages, overtime wages, unpaid spread-of-hours wages, failure to maintain records pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

8. In relation to this, the Plaintiff seeks compensatory damages, liquidated damages, payment for spread of hours, pre-judgment and post-judgment interest, along with attorneys' fees and costs as per the FLSA and NYLL.

9. Plaintiff further seeks certification of this action as an individual action on behalf of himself, individually pursuant to 29 U.S.C.§ 216(b).

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

11. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

12. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

13. The Eastern District of New York is the appropriate venue for this case, as per 28 USC § 1391(b)(c), given that both the Corporate Defendants and Plaintiff reside in this District, and the majority of the incidents or omissions leading to these claims took place within this jurisdiction.

## **PARTIES**

**Plaintiff**

14. Plaintiff YHONNY MONTILLA is and was at all times relevant hereto an individual residing in New York.

Plaintiff YHONNY MONTILLA was employed by B M 770, INC. (also known as BUGGY SERVICE CENTER), a New York Corporation, at its locations at 1710 Pacific St., Brooklyn, NY, 11213 and 1627 Bergen St, Brooklyn, NY 11213. He served as a mechanic from approximately December 6, 2022, until December 20, 2024. Defendant AKIVA "DOE" had control over MONTILLA's work schedule, including working hours and days, and had the authority to and did impose disciplinary actions during his employment.

16. At all times relevant hereto, Plaintiff MONTILLA was a covered employee within the meaning of the FLSA and the NYLL.

17. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

**<u>Defendants</u>**

Defendant B M 770, INC. (doing business as BUGGY SERVICE CENTER) is, to the best of our knowledge, a New York Corporation with offices located at 1710 Pacific St., Brooklyn, NY, 11213, and 1627 Bergen St, Brooklyn, NY 11213.

19. Upon information and belief, Defendant B M 770, INC. (DBA BUGGY SERVICE CENTER) is engaged in interstate commerce in that it relies heavily on products that have been transported across state lines and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for 2025, and were directly engaged in interstate commerce.

20. Upon information and belief, Defendant AKIVA "DOE" is the President, Chief Executive Officer, manager, principal, or agent of Defendant B M 770, INC. (DBA BUGGY SERVICE CENTER).

21. Upon information and belief, and at all times relevant to the claims herein, Defendant AKIVA "DOE" willfully and knowingly possessed operational control over Defendant B M 770, INC. (DBA BUGGY SERVICE CENTER) by reason of his ownership interest, and control of significant functions of Defendant Corporation. Defendant AKIVA "DOE": (i) was known and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendant B M 770, INC. (DBA BUGGY SERVICE CENTER); (ii) personally hired Plaintiff, setting his wages and compensation; (iii) regularly (iv) established Plaintiff's 'work schedules and workload, giving him daily orders and instructions; (v) maintained and personally reviewed employee records; (vi) paid Plaintiff

weekly wages; (vii) d the authority to and did in fact discipline Plaintiff during the course of his employment; and (viii) ultimately terminated Plaintiff's employment.

22. Defendant AKIVA "DOE" acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

## COMMON FACTUAL ALLEGATIONS
### Defendants Constitute Joint Employers

23. Defendants owned and operated B M 770, INC. (DBA BUGGY SERVICE CENTER), a corporate entity principally engaged in Brooklyn, New York. At all relevant times, Defendants B M 770, INC. (DBA BUGGY SERVICE CENTER) and AKIVA "DOE" possessed operational control over the Defendant Corporation, possessed an ownership interest in the Defendant Corporation, and/or controlled significant functions of the Defendant Corporation.

24. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff YHONNY MONTILLA and the other class member employees by engaging in a pattern and/or policy of violating the FLSA and the Wage Theft Prevention Act (WTPA). This pattern and/or policy includes, inter alia, the following:

   a. failing to pay employees, including Plaintiff YHONNY MONTILLA, the applicable minimum rate for work performed for the first forty (40) hours per week, thus causing financial harm and distress; this breach of the FLSA and the Wage Theft Prevention Act (WTPA) has led to a significant, quantifiable economic loss for the Plaintiff, constituting an injury in fact;

   b. failing to pay employees, including Plaintiff YHONNY MONTILLA, the applicable overtime rate (one and one-half the rate of regular pay) for work performed in excess of forty (40) hours per week, thus causing financial harm and distress;

   c. failing to keep accurate records of hours worked by employees, including Plaintiff YHONNY MONTILLA, as required by the

FLSA and NYLL, thus causing financial harm and distress due to inaccuracies in wage calculation.

d. failing to provide statutorily required wage and hour records or statements of pay received on multiple specific occasions (Specific dates, while not currently available, will be provided as soon as possible during the discovery phase of the litigation process.) as required by the FLSA, the NYLL, and the New York Wage Theft Prevention Act (WTPA). This failure resulted in injury in fact to the Plaintiff and other similarly situated employees, as they were unable to verify the accuracy of their wages, and suffered financial losses due to potential underpayment of wages. This was done in part to hide Defendants' violations of the wage and hour laws, and to systematically take advantage of Plaintiff and other similarly situated employees' relative lack of knowledge of wage and hour laws; and

25. Defendants have knowingly and willfully engaged in their unlawful conduct, which we believe to be a result of a corporate policy aimed at minimizing labor costs and denying employees their rightful compensation. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant financial damage, emotional distress, and other consequential damages to Plaintiff YHONNY MONTILLA and the other class members.

26. Under the direct supervision and authority of Defendant AKIVA "DOE", Defendant B M 770, INC. (DBA BUGGY SERVICE CENTER) acted in the interest of the Defendants. This involved determining the rate and method of employee compensation, and sharing joint control over the employees.

27. Throughout the Plaintiff's employment period, Defendants B M 770, INC. (DBA BUGGY SERVICE CENTER) and AKIVA "DOE" exerted considerable control over the working conditions of Plaintiff and other employees in similar positions. They exercised this control through direct and daily involvement in setting work schedules, assigning tasks, implementing disciplinary actions, and determining compensation methods and rates. For example, Defendant "DOE" personally established the Plaintiff's

work hours, provided daily instructions, and decided on the structure of Plaintiff's compensation.

28. Defendants B M 770, INC. (DBA BUGGY SERVICE CENTER) and AKIVA "DOE" jointly employed Plaintiff, and all similarly situated individuals and are Plaintiff's and all similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NYLL.

29. Defendants B M 770, INC. (DBA BUGGY SERVICE CENTER) and AKIVA "DOE" constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictional.

30. Throughout the relevant period of employment, Defendants B M 770, INC. (DBA BUGGY SERVICE CENTER) and AKIVA "DOE" were the Plaintiff's employers, as defined under the FLSA, NYLL, and other relevant laws. These Defendants were directly involved in the hiring process of the Plaintiff, conducting interviews and making the final decision to employ the Plaintiff. Similarly, the Defendants were responsible for the termination of the Plaintiff's employment, making the decision to end the employment relationship. Such Defendants had the authority and power to hire and fire Plaintiff, as evidenced by the hiring process where the Defendants interviewed and selected the Plaintiff for the position, and the termination process where the Defendants decided to end the Plaintiff's employment. The Defendants also controlled the terms and conditions of the Plaintiff's employment, including work assignments and hours, as shown by the daily work schedules set by the Defendants and the specific tasks assigned to the Plaintiff. Furthermore, the Defendants determined the rate and method of any compensation in exchange for the Plaintiff's services, as demonstrated by the Defendants' decisions on the Plaintiff's salary and method of payment. Indeed, Defendants supervised Plaintiff's work schedule and conditions of his employment.

31. Defendants further controlled, supervised, guided, and instructed what limited recordkeeping took place, which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

**Plaintiff YHONNY MONTILLA**

32. Plaintiff worked from approximately December 6, 2022, until December 20, 2024. Defendants employed plaintiff MONTILLA at their 1627 Bergen St, Brooklyn, NY 11213 facility. The plaintiff was employed primarily as a mechanic and did any additional tasks assigned by Defendant "DOE".

33. The Plaintiff has worked at this company since December 2022, earning $10 per hour. The Plaintiff's typical work schedule exceeded 10 to 12 hours per day, with only a 30-minute lunch break. The workweek consisted of six days, with the only day off being Saturdays. During the initial period of employment, the Plaintiff was paid exclusively in cash. The Plaintiff also received commissions; however, the exact percentage of these commissions was unclear, as all payments were bundled into a single paycheck, his commissions could range from $200 to $270.

The company has consistently failed to pay overtime wages despite the Plaintiff's hours exceeding 40 hours per week. The Plaintiff's work hours typically began at 8:30 A.M., with end times ranging from 6:30 P.M. to 7:00 P.M.

Additionally, the Plaintiff did not miss work, worked on holidays, and did not take any sick leave. The Plaintiff recorded their hours through a punch clock system.

34. From December 10, 2022, until December 31, 2022, Plaintiff was paid $10 per hour, the underpayment per week was $450, and the total underpayment of that period of time was $1,350. From January 1, 2023, until December 31, 2023, Plaintiff was paid $10 per hour, the underpayment per week was $450, and the total underpayment of that period of time was $16,200. From January 1, 2024, until

December 20, 2024, Plaintiff was paid $10 per hour, the underpayment per week was $520, and the total underpayment of that period of time was $18,720. The total unpaid wages are about $36,270.

35. Plaintiff MONTILLA did not work at his own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff MONTILLA did not come and go at his pleasure but rather was controlled by Defendants.

36. Plaintiff MONTILLA was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder as his employment position and assignments were not "professional," "executive" or even "administrative" and did not require discretion nor independent judgment. Plaintiff MONTILLA's work is properly characterized as menial physical labor.

37. Plaintiff MONTILLA regularly handled goods in interstate commerce and other items produced outside of the State of New York.

38. Plaintiff worked without appropriate minimum and overtime wages from the beginning and until the end of his employment with Defendants, a violation which we contend was done willfully by the Defendants.

39. Plaintiff MONTILLA never received any form of notification - be it posted notices, written documents, electronic communications, or verbal announcements - regarding wages as mandated under the FLSA and NYLL.

40. Defendants failed to provide Plaintiff MONTILLA with an accurate statement of wages, including but not limited to the number of hours worked, the rate of pay, and the total wage amount, with each payment as mandated by NYLL 195(3) and NYLL 198-b (Wage Theft Prevention Act - WTPA). This failure caused substantial injury in fact to the Plaintiff as it hindered his ability to accurately determine his owed wages, leading

to significant financial losses, emotional distress, and other associated damages.

41. Defendants never provided Plaintiff MONTILLA with written notice of his rate of pay, employer's regular payday, and such other information as his rights under the Wage Theft Prevention Act, the procedures for reporting wage theft, and the penalties for violating wage theft laws, as required by NYLL §195(1) and the Wage Theft Prevention Act. This willful failure to provide notice has caused Plaintiff substantial injury in fact, as he was unable to fully understand and assert his rights under the law, leading to financial losses, emotional distress, and others associated damages.

## Defendants' General Employment Practices

42. As part of their regular business practices, Defendants willfully required Plaintiff YHONNY MONTILLA to work beyond his scheduled hours without paying him the proper minimum and overtime wages as required by federal and state laws. For instance, Defendants required Plaintiff to work an average of 10 additional hours per week from December 6, 2022, until December 20, 2024, without providing the requisite overtime compensation.

43. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the hours he had worked.

44. Defendants knowingly failed to post the statutorily required wage and hour posters and refrained from providing Plaintiff YHONNY MONTILLA with the mandated wage and hour records or pay statements. This deliberate failure was partially intended to conceal Defendants' violations of wage and hour laws, and to exploit Plaintiff's limited familiarity with wage and hour legislation.

45. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying

Plaintiff properly for (i) his full hours worked, (ii) minimum wages, and (iii) overtime wages.

46. The NYLL and Wage Theft Prevention Act require employers to provide all employees with written notice of wage rates. This willful failure to provide this written notice has caused the Plaintiff, YHONNY MONTILLA, an injury in fact, as he was unable to accurately determine his owed wages. This has led to financial harm, including lost wages and loss of future earning potential, emotional distress, and other associated damages including but not limited to mental anguish and loss of enjoyment of life.

47. Throughout the relevant time period, Defendants paid Plaintiff YHONNY MONTILLA wages without providing an accurate accompanying wage statement and/or annual pay notices required under NYLL §§195(1) and 195(3). This willful failure to provide the required wage statement and annual pay notices constitutes an injury in fact under the Wage Theft Prevention Act, has caused Plaintiff YHONNY MONTILLA substantial financial harm, emotional distress, and other consequential damages, and is a violation of Plaintiff's rights.

48. Defendants failed to provide Plaintiff YHONNY MONTILLA with precise and accurate accompanying wage statements at the time of wage payment. These statements lacked crucial details such as: the dates of work covered by the payment, the employee's name, the employer's name, address, phone number, the pay rate (whether paid by the hour, shift, day, week, salary, piece, commission, or others), gross wages, deductions, any allowances claimed as part of the minimum wage, net wages, the regular hourly pay rate, the overtime pay rate, the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3). This willful failure to provide accurate wage statements has caused Plaintiff injury in fact, leading to

financial harm, emotional distress, and other injuries in fact as he was unable to fully understand and assert his rights regarding his wages.

**FIRST CAUSE OF ACTION**
**(Violation of FLSA Minimum and Overtime Wage Provisions (29 U.S.C. § 206, 207) and Recordkeeping Provisions (29 U.S.C. § 211))**

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment. For instance, Defendants were directly involved in the hiring process of the Plaintiff, with Defendant AKIVA "DOE" personally conducting the interview and offering the job to the Plaintiff. Defendants also exercised control over Plaintiff's work schedule, with Defendant "DOE" regularly setting his weekly work hours, and even adjusting them on several occasions without prior notice. Defendants assigned daily tasks to Plaintiff, with specific instructions on how to perform them, and provided direct supervision, with Defendant "DOE" frequently monitoring Plaintiff's work and providing feedback. This close and direct involvement by the Defendants establishes a clear employer-employee relationship.

51. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

52. Defendants, in violation of the FLSA, failed to pay Plaintiff the applicable minimum and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29

U.S.C.§ 207 (a)(1).

53. Defendants' failure to pay Plaintiff the applicable minimum and overtime wage was willful within the meaning of 29 U.S.C.§ 255(a).

54. Defendants willfully failed to satisfy the FLSA's recordkeeping requirements.

55. Defendants acted willfully in their violations of the FLSA's requirements, causing an injury in fact to the plaintiff.

56. The Plaintiff, representing himself and other similarly affected employees under the Fair Labor Standards Act (FLSA), seeks damages for unpaid lawful minimum wages and overtime, including liquidated damages as mandated by the FLSA for wage violations. This includes attorneys' fees and any other legal and equitable relief that this Court may deem just and fitting. The exact amount of damages will be established during the trial.

## SECOND CAUSE OF ACTION
### (Unpaid Minimum and Overtime Wages Under New York Labor Law)

57. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

58. Defendants have violated the provisions of the New York Labor Law (NYLL) § 190 and associated rules, by failing to pay the Plaintiff the legal minimum wage and the appropriate overtime compensation, set at one and one-half times the standard rate, for each hour worked beyond a forty-hour workweek between [start date] and [end date].

59. Defendants' failure to pay Plaintiff minimum and overtime wages was willful within the meaning of N.Y.Lab.Law § 663.

60. Due to Defendants' willful violations of the NYLL, Plaintiff YHONNY MONTILLA is entitled to recover from Defendants his unpaid minimum wages, overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Notice at Time of Hiring

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. The Defendants failed to provide the Plaintiff with a notice at the time of hiring and during specific instances of his employment (to be detailed).  This notice should have contained the rate of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other. Additionally, it should have included the regular payday designated by the employer, the physical address of the employer's main office or principal place of business, the telephone number of the employer, and any other information required by law. This failure constitutes a violation of the Wage Theft Prevention Act (WTPA), leading to an injury in fact for the Plaintiff as he was unable to accurately assert his legal rights and seek appropriate compensation. This willful failure to provide notice, constituting a violation of the Wage Theft Prevention Act (WTPA), has caused Plaintiff substantial injury in fact, as he was unable to fully understand and assert his rights under the law, leading to financial losses, emotional distress, and other associated damages. In addition, due to Defendants' failure to provide complete, accurate, and legally required notifications regarding the rate of pay and other essential employment terms, Plaintiff has experienced additional hardship and injury, including but not limited to financial instability, emotional distress, and time spent correcting and seeking redress for these violations. It has resulted in financial harm and distress due to the inability to accurately determine owed wages and other compensation-related matters, in violation of NYLL § 195(1). Furthermore, the lack of proper notice has directly led to an injury in fact for the Plaintiff, as it has deprived him of the necessary information to assert his rights and seek appropriate compensation under the Wage Theft Prevention

Act (WTPA).

63. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**

64. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65. The Defendants, particularly Defendant AKIVA "DOE", have deliberately failed to provide the Plaintiff with complete and accurate wage statements in specific instances during his employment (to be detailed). Defendant AKIVA "DOE" directly hired the Plaintiff, unilaterally determined the terms of his employment, set his work schedule, issued explicit day-to-day orders, and imposed disciplinary measures on multiple documented occasions. This failure is evident from the discrepancies in the wage statements and the actual hours worked as recorded in the work logs maintained by the Plaintiff. These statements should have included, among other things, all his regular and any overtime hours of work, his rate of pay, and the basis of pay. This failure to provide accurate wage statements has caused Plaintiff substantial injury in fact, resulting in significant financial loss, emotional distress, and other associated damages as he was unable to fully understand and assert his rights regarding his wages, in violation of NYLL § 195(3).

66. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant

to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff YHONNY MONTILLA respectfully requests that this Court enter judgment against Defendants B M 770, INC. (DBA BUGGY SERVICE CENTER) and AKIVA "DOE", as follows:

a.    Designation of this action as a collective action on behalf of the FLSA Class Members (asserting FLSA claims and state claims) and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b.    Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

c.    Declaring that Defendants have willfully violated the minimum and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

d.    Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

e.    Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages,  and  damages for any improper

deductions or credits taken against wages under the FLSA as applicable;

f.    Declaring that Defendants have willfully violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

g.    Awarding Plaintiff damages equal to the amount of unpaid minimum and overtime wages, as well as damages for any unauthorized deductions or credits applied to wages;

h.    Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum and overtime wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

i.    Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

j.    Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

k.    All such other and further relief as the Court deems just and proper.

l.    An award of statutory damages due to Defendant's failure to provide Plaintiff with wage notices at the time of his hiring, or at any subsequent point, in violation of the Wage Theft Prevention Act (WTPA). This failure resulted in a specific injury in fact as it affected Plaintiff's ability to fully comprehend his wage rights, leading to significant financial losses, emotional distress, and other associated damages;

m.    An award of statutory damages for Defendants' willful failure

to provide Plaintiff with complete and accurate wage statements, in violation of the Wage Theft Prevention Act (WTPA). This failure resulted in a specific injury in fact as it impacted Plaintiff's rights and understanding regarding his wages, leading to financial losses and distress;

n.    An award of pre-judgment interest at a rate of nine percent per annum (9%) as prescribed by the New York Civil Practice Law and Rules §§ 5001-5004;

o.    An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

p.    An award for any injury in fact suffered by the Plaintiff due to Defendants' willful violation of the Wage Theft Prevention Act (WTPA), including but not limited to financial losses, distress, lost wages, loss of future earning capacity, and any other tangible or intangible harm suffered by the Plaintiff as a direct result of Defendants' actions; and such other relief as this Court shall deem just and proper.

Dated: New York, New York
         January 7, 2025

LINA STILLMAN, ESQ.

Lina Stillman, Esq.
Attorneys for Plaintiff
Stillman Legal, P.C.
42 Broadway, 12th Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com